UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAGDALENA PEREZ,

     Plaintiff,

v.                                                              Case No. 8:22-cv-2204-CPT

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's unopposed motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 17). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in September 2022 seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits. (Doc. 1). In January 2023, the Commissioner filed a motion requesting that judgment be entered in the Plaintiff's favor and that the action be remanded in accordance with sentence four of 42 U.S.C. § 405(g). (Doc. 14). The Court granted the Commissioner's request (Doc. 15), and the Clerk of Court entered Judgment for the Plaintiff the same

day (Doc. 16).  The instant motion, filed on February 21, 2023, and uncontested by the Commissioner, followed.[1]  (Doc. 17).

## II.

The EAJA authorizes a court to grant attorneys' fees to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust.  28 U.S.C. § 2412(d).  To warrant an award of attorneys' fees under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and her net worth must not have exceeded $2,000,000 at the time she commenced the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust.  *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by her lack of opposition.  Thus, a grant of attorneys' fees pursuant to the EAJA is appropriate in this matter.

---

[1] The Plaintiff's motion conforms to this District's applicable Standing Order, which requires that a party's fee application address both the party's entitlement to fees and the amount of the fee request in actions for review of the Commissioner's final decisions under either 42 U.S.C. § 405(g) or 42 U.S.C. § 1383(c)(3).  *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (Doc. 43) (Dec. 7, 2021).

In assessing the fee amount to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney[s'] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As reflected by this statutory language, an analysis of the proper hourly rate under the Act consists of two steps. First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly rates exceeding $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125. The Court is not alone in this observation. *See, e.g.*, *Burke v. Comm'r of Soc. Sec.*, No. 8:21-cv-1267-MSS-

3

SPF, (Doc. 25) (M.D. Fla. Apr. 25, 2022), *report and recommendation adopted*, (Doc. 26) (M.D. Fla. May 23, 2022); *Chartier v. Comm'r of Soc. Sec.*, 2022 WL 1289335, at *2 (M.D. Fla. Apr. 29, 2022); *Britt v. Comm'r of Soc. Sec.*, 2022 WL 358674, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 356218 (M.D. Fla. Feb. 7, 2022); *Bragg v. Comm'r of Soc. Sec.*, 2021 WL 2226587, at *1 (M.D. Fla. June 2, 2021); *Beacham ex rel. Beacham v. Comm'r of Soc. Sec.*, 2020 WL 8083591, at *1 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 82845 (M.D. Fla. Jan. 11, 2021).  The Court therefore finds it appropriate to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics's Consumer Price Index (CPI).  *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010);[2] *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit court opinions utilizing the CPI to evaluate hourly rate adjustments).  Given this case authority, the Court finds it reasonable to employ the CPI as a guide for determining cost of living increases under the EAJA.  *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost?bls (last visited Feb. 27, 2023).

---

[2] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

Here, the Plaintiff seeks $751.84 in attorneys' fees predicated upon a total of 3.2 hours expended in this action in 2022 and 2023 by her lawyers, Richard A. Culbertson and Sarah P. Jacobs, at the hourly rate of $234.95.  (Doc. 17).  To buttress her fee request, the Plaintiff submits, *inter alia*, an itemized schedule of the services Mr. Culbertson and Ms. Jacobs rendered in the case.  *Id.* at 10–11.  The Commissioner does not object to the Plaintiff's calculated fee figure.

In light of the Commissioner's lack of opposition, as well as the Court's own knowledge and experience in addressing fee matters, the Court finds that the total number of hours and the hourly rate claimed by counsel are both reasonable and adequately supported.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Barreras v. Comm'r of Soc. Sec.*, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021).  The Plaintiff is thus entitled to $751.84 in attorneys' fees.

### III.

For the reasons set forth above, it is hereby ORDERED:

1. The Plaintiff's unopposed motion for attorneys' fees pursuant to the EAJA (Doc. 17) is granted.

2. The Plaintiff shall be awarded attorneys' fees in the amount of $751.84. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this sum shall be made payable to the Plaintiff.  If the Commissioner concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's lawyer.

SO ORDERED in Tampa, Florida, this 27th day of February 2023.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record